## Joseph H. Cleveland v. Emilie Stein.

*Written finding of facts, by Circuit Judge, when required: practice discussed.* By a long practical construction, the signing of the judgment is equivalent to a written finding, except when a special finding is required; but such a practice will not be extended beyond cases when the finding is general, and made in term by the Judge who heard the cause.—*Circuit Court Rule* 85.

*Heard July 9th. Decided July 11th.*

Error to Lenawee Circuit.

This was an action of trespass on the case, commenced by writ of attachment. The cause was tried on the 21st day of February, 1865, of the December term, 1864, by the Court,

without a jury, and submitted. Before judgment the Court adjourned *sine die.*

March 28, 1865, at the March term, the Court delivered judgment as follows:

"This cause having been brought to trial before the Court without a jury, and the said court after hearing the proofs and allegations of the parties and the arguments of the respective counsel, and having found that the defendant did undertake and promise in manner and form as the said plaintiff hath in her declaration complained against him, and having assessed the damages of the said plaintiff on occasion of the premises at the sum of three hundred and fifty-one dollars and seventy-eight cents, over and above her costs and charges by her about her said suit in this behalf expended, thereupon it is considered that the said plaintiff do recover against the said defendant her said damages assessed in form aforesaid, together with her costs and charges aforesaid to be taxed, and that plaintiff have execution therefor."

The only question was, whether the Court below erred in not making a separate finding.

*A. Millerd,* for plaintiff in error.

*Johnson & Higby,* for defendant in error.

CAMPBELL J.

The only question before us is whether the judgment below was erroneous for want of a separate finding by the judge who tried the cause. The judgment recites what was found, and the facts recited are sufficient unless a separate finding was required.

If we construe the statute literally, there is no doubt that a written finding must in all cases be filed. (2 *Comp. L.* § 3436) But a long course of practical construction has held that where the judgment is entered in term, and signed by the judge who tried the cause, (except in those cases where a special finding is needed), the signing of the judgment is

equivalent to·a written finding.   To this extent we feel bound
to recognize and sustain the practice, as to change it now
would be a surprise upon the courts, and would operate
injuriously.   But nothing short of an uninterrupted practice
could sanction such a loose rule, and we cannot consistently
extend it beyond cases where the finding is general, and made
in term, by the judge who heard the cause.   As this is such a
case, we are constrained to hold that there is no error; and
the judgment must be affirmed, with costs.

The other Justices concurred.